# FOWLER *v.* COTTON STATE LUMBER COMPANY.

---

SALES; WAIVER OF DEFECTS; NEW PROMISE; PLEADING.

1. A buyer's promise after receiving the goods, to pay the price previously agreed upon, is a waiver of known defects, which will avail the seller in an action on the new promise. (Citing *Shelley* v. *Wescott,* 23 App. D. C. 135.)

2. Material statements in an affidavit of claim which are not controverted by the affidavit of defense must be taken as substantially correct. (Following *Bryan* v. *Harr,* 21 App. D. C. 190.)

3. In an action on a new promise to pay the contract price of goods, which was made long after their delivery, an affidavit of defense which, without denying the new promise, alleges that the defendant did not accept the goods as being of the quality ordered, states merely a conclusion of law, and is therefore insufficient.

No. 2401. Submitted October 11, 1912. Decided November 4, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered upon

motion by the plaintiff for want of a sufficient affidavit of defense in an action to recover the purchase price of lumber.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Walter C. Balderston* for the appellant.

*Mr. Victor H. Wallace* for the appellee.

*Mr. Justice* Robb delivered the opinion of the Court:

This is an appeal from a judgment for the plaintiff, the Cotton State Lumber Company, appellee here, in the supreme court of the District, under the 73d rule, the court ruling the affidavit of defense to be insufficient.

The declaration avers the purchase by the defendant, Owen H. Fowler, from the plaintiff of two carloads of lumber at a specified price, which lumber was received and accepted; that subsequently the defendant, in consideration of the premises, undertook and promised the plaintiff to pay the sum previously agreed upon, which the defendant has not done. In the "affidavit of claim" plaintiff sets forth that payment for the lumber was to be made sixty days after shipment, that is to say, payment for the first carload was to be made May 2, 1911, and for the second carload June 14, 1911; that the defendant defaulted in said payments, and that thereafter, when requested by plaintiff's agent to make payment, "defendant then promised to pay the amount due for the first said car of lumber within one week from the 18th day of July, 1911, and the amount due for the second said car of lumber before the 1st day of August, 1911;" that the defendant again defaulted and thereafter called upon plaintiff's attorney and agent and again promised to pay, but failed so to do.

In his affidavit of defense the defendant admits his indebtedness for the first car of lumber, admits the receipt of the second car, and then sets forth that the lumber in this shipment "was

not as represented, and was not of the quality and grade ordered," and that he "immediately notified the plaintiff to that effect." The affidavit further avers that the defendant "has never accepted the said second shipment of lumber as and being the quality or grade ordered, and has not waived in any manner his defense to the claim of the plaintiff." The defendant then offers to pay one hundred and seven dollars and twenty-five cents ($107.25), instead of one hundred and fifty-five dollars and twenty-five cents ($155.25), for the said second car of lumber.

The affidavit is clearly insufficient. Unless an affidavit of defense controverts or denies material statements of fact in plaintiff's affidavit, such statements must be taken as substantially correct. *Bryan* v. *Harr,* 21 App. D. C. 190. In plaintiff's declaration he relies not upon the original promise but upon the promise alleged to have been made long after the receipt of the lumber by the defendant. That promise, in the circumstances, constituted a new cause of action. *Bell* v. *Morrison,* 1 Pet. 351–361, 7 L. ed. 174–179; *Shelley* v. *Wescott,* 23 App. D. C. 135. In its affidavit plaintiff states in detail the circumstances surrounding the new promise. The defendant has not denied making this promise as alleged. His averment that he never accepted the second shipment of lumber as being of the quality or grade ordered, is not sufficient. Such averment must be taken as a mere conclusion of law, in view of the specific averments in plaintiff's affidavit.

*Taylor* v. *Cole,* 111 Mass. 363, relied upon by the defendant, does not help him. In that case plaintiffs had purchased from the defendant an iron kettle with a capacity of a thousand gallons. The bottom of the kettle was fastened to the sides by bolts and nuts. Some time after the kettle was delivered and set up, leaks were discovered at the joints. Thereupon the makers were notified and requested to remedy it, which they undertook to do, but upon subsequent use the kettle still leaked. The purchasers then gave their promissory note for the kettle, without making any objection. Subsequently the makers were again notified that the kettle leaked, and again made attempts to stop

the leaking. The suit was for damages for breach of contract, and the evidence was conflicting on the question whether the kettle leaked after the final effort of the makers to repair it. The evidence was also conflicting as to whether, if it did leak, the purchasers had not caused it by improper handling before it was set up. The court submitted the case to the jury, and this action was sustained by the appellate court. It is apparent that the facts in the Massachusetts case are very different from the facts in this. There it was properly a question for the jury whether the purchasers had waived the defects in the kettle. Here, when the defendant made the new promise upon which the suit is based, he knew, or is presumed to have known, the condition of the lumber, and that this condition would not change. Knowing all that, his promise to pay the price originally agreed upon clearly constituted a waiver of known defects.

Judgment affirmed, with costs.                    *Affirmed.*